## Commonwealth *v.* Craig, Appellant.

Submitted September 30, 1968. Before BELL, C. J., MUSMANNO, JONES, EAGEN, O'BRIEN and ROBERTS, JJ.

reargument refused December 13, 1968.

*Floyd A. Rauschenberger, Jr.,* for appellant.

*Robert F. Hawk,* Assistant District Attorney, and *John H. Brydon,* District Attorney, for Commonwealth, appellee.

OPINION BY MR. JUSTICE ROBERTS, November 12, 1968:

This appeal curiously enough is from an order of the trial court in a Post Conviction Hearing Act proceeding, granting appellant the right to appeal from his conviction for first degree murder in 1960. Appellant requests that we quash the appeal, apparently on the theory that he is entitled to an evidentiary hearing to present support for his various claims. The history of this case is very confused, but the following facts seem established: appellant filed an unsuccessful motion for a new trial immediately after his conviction; he never appealed from his conviction; appellant has claimed in the past that he was denied his *Douglas* rights; he has filed several earlier habeas corpus petitions in federal court; he did not allege his *Douglas* claim in the present petition.

Appellant's counsel seems to base his appeal on a desire to renew his motion for a new trial and present

340

evidence which will supplement the "old and incomplete trial record". This, of course, is just not possible while there is pending on appeal the review of the denial of a motion for a new trial. At this stage of the proceedings all appellant is entitled to is to have his appeal from the denial of his new trial motion heard. This right the hearing court granted him and noted "that the constitutional issues raised by this Post Conviction petition were litigated in the federal courts". Thus we must agree with the court below that the only relief available for appellant is "consideration by the Supreme Court of Pennsylvania of alleged trial errors. . . ."

Order affirmed.

Mr. Justice MUSMANNO did not participate in the decision of this case.

Mr. Justice COHEN took no part in the consideration or decision of this case.